NORA SCHMERZLER, Respondent, v. WILLIAM G. H. GERKE, JR., Appellant.— Action to recover damages for personal injuries sustained by plaintiff as the result of defendant's moving his bus as the plaintiff, a passenger, was in the act of alighting. Judgment of the County Court of Rockland county in favor of plaintiff unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Hagarty, Carswell, Davis and Johnston, JJ.

FLORENCE ANDERSON TAYLOR, as Administratrix, etc., of JAMES ANDERSON, Deceased, Appellant, v. THE CITY OF NEW YORK, Respondent, and Others, Defendants.— The action was brought to recover damages for the death of plaintiff's intestate, an infant of seven years, as a result of a collapse of a pile of subway contact rails which the defendant, The City of New York, caused to be stored in a vacant lot which it owned and which faced on Marion street, in the borough of Brooklyn. The collapse occurred as plaintiff's intestate was walking on the street, in front of the lot, and several of the rails fell on him, causing injuries that resulted in his death. Five corporations were joined with the city as defendants, but as to them the action was discontinued, leaving the city as the sole defendant. The court directed a verdict in favor of defendant. Judgment was entered dismissing the complaint on the merits, and plaintiff appeals. Judgment reversed on the law and a new trial granted, costs to appellant to abide the event. In granting the motion the court stated no negligence on the part of the defendant, The City of New York, had been shown. In our opinion this was error. The circumstances attendant upon the accident were such that the doctrine of *res ipsa loquitur* applied and would justify the jury in inferring that the rails were negligently piled. It was for the jury to say, on all the evidence, whether negligence on the part of The City of New York had been established. Lazansky, P. J., Hagarty, Carswell, Davis and Johnston, JJ., concur.

WILLIAM VORWERK, Respondent, v. JOSEPH GRIFFITH and EDITH V. SMITH, Appellants.— In an action to recover property damages amounting to $115, for alleged negligence of defendants, the plaintiff did not file a note of issue for a term within six months after the action was brought. A motion to dismiss was made, but denied on February 11, 1937, " upon condition that the plaintiff notice this case for the next term of the court and proceed with diligence." The plaintiff did not file a note of issue for the March term or proceed with diligence, but made a later motion to amend the order to provide that the plaintiff notice the case within ten days after the disposition of the appeal taken. The defendants made a cross motion to dismiss the action for failure of the plaintiff to comply with the order of February eleventh. Both motions were denied. The defendants appealed from the part of the order denying the motion to dismiss. Order, in so far as an appeal is taken therefrom, reversed on the law and the facts, without costs, and the defendants' motion to dismiss granted, without costs. The plaintiff has failed to exercise a proper degree of diligence as required by rule 156 of the Rules of Civil Practice. Lazansky, P. J., Hagarty, Davis, Johnston and Close, JJ., concur.